IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA F. WAEBER<br>       Plaintiff | : CIVIL ACTION NO.<br>: **1 : CV-01-0856** |
| v. | : |
| HERSHEY FOODS CORP.,<br>       Defendant | :<br>: JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff, Linda F. Waeber, by her attorney, Andrew J. Ostrowski, Esquire, and in support of her Complaint, avers as follows:

1. Plaintiff, Linda F. Waeber, is an adult female individual who is 53 years of age and resides at 1716 South Forge Road Palmyra, Lebanon County, PA 17078.

2. Defendant Hershey Foods Corp. is a Pennsylvania business corporation whose principal office is located at 100 Crystal A Drive, Hershey, Dauphin County, Pennsylvania.

3. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, the Family Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, the Americans with Disabilities Act, 29 U.S.C. §12101, *et. seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. §1021, *et. seq.*, and jurisdiction in this Court exists pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Plaintiff was employed by Defendant from 1968 through May 21, 1999 when she was terminated.

5. Plaintiff, who suffers from diabetes, took an extended leave for medical reasons pursuant to the provisions of the Family Medical Leave Act during 1998.

6. In or around February, 1999, Plaintiff began to experience chest pains and related discomforts and again went on an extended leave of absence.

7. Upon return from her leave in March, 1999, Plaintiff requested that the leave she had taken be approved in accordance with the provisions of the FMLA.

8. Defendants, through its agents and/or employees, initially denied Plaintiff's request for FMLA leave and thereafter improperly conditioned approval of her request for FMLA leave upon her attending psychological counseling sessions.

9. Plaintiff was a highly compensated supervisory employee of Defendant whose pension and other benefits accrued at a substantial rate.

10. In May, 1999, Defendant announced substantial earnings losses and a plan to reduce the administrative costs associated with its compensation and benefits plans.

11. Upon information and belief, as a highly compensated supervisory employee, Plaintiff was identified as an employee whose elimination would further Defendants' plan to reduce its administrative costs.

12. In addition to Plaintiff being a highly compensated supervisory employee, Plaintiff also incurred significant costs in the treatment of her diabetes and other medical conditions and, upon information and belief, was identified as an employee whose elimination would further Defendants' plan to reduce its administrative costs.

13. On May 21, 1999, Plaintiffs was terminated from her employment with Defendant based upon grounds known by Defendant to be false and despite the absence of any prior discipline during the previous 30 years of her employment.

## COUNT ONE

14. Paragraphs 1-13 are incorporated herein by reference.

15. The actions of Defendant as alleged herein were discriminatory and taken in order to deprive Plaintiff of the full benefits of Defendant's benefit and compensation plans in violation of the provisions of ERISA.

16. As a direct and proximate result of Defendants' violation of Plaintiff's rights under ERISA, she was discharged from her employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

17. As an additional direct and proximate result of Defendants' violation of Plaintiff's First Amendment rights, Plaintiff has suffered, and will continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions, all of which are continuing and for which Plaintiff continues to receive medical treatment.

18. The Defendants' conduct was willful, wanton, and intentional and/or was undertaken in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, costs, statutory attorney's fees and penalties and such other legal and/or equitable relief that is deemed appropriate.

## COUNT TWO

19. Paragraphs 1-18 are incorporated herein by reference.

20. In addition to the foregoing, or in the alternative, the unlawful actions by Defendant against Plaintiff, to which similarly situated younger employees were not subjected, were taken because of her age in violation of the Age Discrimination In Employment Act and the Pennsylvania Human Relations Act.

21. As a direct and proximate result of Defendants' violation of the Age Discrimination In Employment Act and the Pennsylvania Human Relations Act, Plaintiff was discharged from her employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

22. As an additional direct and proximate result of Defendants' violation of the Age Discrimination In Employment Act and the Pennsylvania Human Relations Act, Plaintiff has suffered, and will continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions.

23. Plaintiff pursued her complaints administratively and has satisfied all conditions precedent to pursuit of those claims in this Court.

24. The Defendants' conduct was willful, wanton, and intentional and/or was undertaken in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, costs, attorney's fees, and such other legal and/or equitable relief that is deemed appropriate.

## COUNT THREE

25.     Paragraphs 1-24 are incorporated herein by reference.

26.     In addition to the foregoing, or in the alternative, the unlawful actions of Defendant against Plaintiff, were taken to interfere with Plaintiff's rights under the FMLA and/or in retaliation for Plaintiff's attempts to exercise her rights under the FMLA all in violation of the provisions of that law.

27.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff was discharged from her employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

28.     As an additional direct and proximate result of Defendants' violation of the Age Discrimination In Employment Act and the Pennsylvania Human Relations Act, Plaintiff has suffered, and will continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions.

29.     The Defendants' conduct was willful, wanton, and intentional and/or was undertaken in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, costs, attorney's fees, and such other legal and/or equitable relief that is deemed appropriate.

## COUNT FOUR

30. Paragraphs 1-29 are incorporated herein by reference.

31. Plaintiff's diabetes and related conditions constitutes an impairment that substantially limits one or more of her major life activities and Plaintiff is a qualified individual with a disability for purposes of the ADA or, in the alternative, was regarded by Defendant as being disabled.

32. In addition to the foregoing, or in the alternative, the unlawful actions of Defendant against Plaintiff, were taken because of Plaintiff's disability and/or because they regarded her as disabled, all in violation of the provisions of the ADA.

33. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff was discharged from her employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

34. As an additional direct and proximate result of Defendants' violation of the Age Discrimination In Employment Act and the Pennsylvania Human Relations Act, Plaintiff has suffered, and will continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions.

35. The Defendants' conduct was willful, wanton, and intentional and/or was undertaken in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, costs, attorney's fees, and such other legal and/or equitable relief that is deemed appropriate.

Respectfully submitted,

By _[signature]_
Andrew J. Ostrowski, Esquire
I.D. No. 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

Dated: May 15, 2001