Case 1:01-cv-00856-SHR   Document 3   Filed 08/28/2001   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA F. WAEBER,<br>　　　Plaintiff | CIVIL ACTION NO. 1: CV-01-0856 |
| v. | |
| HERSHEY FOODS CORPORATION,<br>　　　Defendant | JURY TRIAL DEMANDED |

FILED
HARRISBURG
AUG 2 8 2001
MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

## ANSWER TO COMPLAINT

Defendant, Hershey Foods Corporation ("Hershey"), by and through its counsel, hereby answers the Complaint as follows:

1.　Admitted in part; denied in part. Hershey admits that Plaintiff is an adult female, who is 53 years of age. Hershey is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 of the Complaint, and, accordingly, denies the same. Hershey notes that Plaintiff's last name is incorrectly identified in the Complaint as "Waeber"; Plaintiff's last name is "Weaber."

2.　Admitted in part; denied in part. Hershey admits that it is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and that its principal place of business is located at 100 Crystal A Drive, Hershey, PA 17033. Hershey denies the remaining allegations of Paragraph 2 of the Complaint.

3.　Admitted in part; denied in part. Hershey admits that Plaintiff purports to state claims in this action under the statutes identified in Paragraph 3 of the Complaint. Hershey denies that Plaintiff is entitled to relief under any of those statutes. Whether subject matter jurisdiction exists as alleged by Plaintiff is a question of law to which no response is required; to the extent a response is required the allegation is denied.

{A263375:}

4. Admitted.

5. Admitted in part; denied in part. Hershey admits Plaintiff took a leave of absence during 1998. Hershey is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff "suffers from diabetes", and, therefore, denies the same. Whether Plaintiff's leave in 1998 qualified under the FMLA is a conclusion of law to which no response is required; to the extent a response is required, this allegation is denied. Hershey denies the remaining allegations of Paragraph 5 of the Complaint.

6. Admitted in part; denied in part. Hershey admits Plaintiff took a leave of absence commencing in February of 1999. Hershey is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff "began to experience chest pain and related discomforts", and, therefore, denies the same. Hershey denies the remaining allegations of Paragraph 6 of the Complaint.

7. Denied as stated. Hershey admits only that, at some time, Plaintiff sought approval of her leave of absence, commenced in February of 1999, under Hershey's leave of absence policies. Whether Plaintiff's request accorded with the "provisions of the FMLA" is a conclusion of law to which no response is required; to the extent a response is required, this allegation is denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT ONE

14. Hershey incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT TWO

19. Hershey incorporates by reference its responses to Paragraphs 1-18 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT THREE

25. Hershey incorporates by reference its responses to Paragraphs 1-24 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

{A263375:}

3

## COUNT FOUR

30. Hershey incorporates by reference its responses to Paragraphs 1-29 of the Complaint.

31. Denied. Whether Plaintiff's alleged "diabetes and related conditions" constitute a in impairment that substantially limits one or more of her major life activities and whether Plaintiff qualified as a "qualified individual with a disability" are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied. Hershey denies that it regarded Plaintiff as being disabled.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to exhaust administrative prerequisites under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act("ADEA"), and the Pennsylvania Human Relations Act.

2. Plaintiff's ERISA, FMLA, and PHRA claims are untimely.

3. To the extent Plaintiff can establish liability under the ADA and ADEA, such intentional discrimination was contrary to Hershey's good faith efforts to prevent discrimination in the workplace.

4. Hershey's actions with respect to Plaintiff were in good faith and based on Hershey's reasonable belief that such actions were in compliance with the FMLA.

{A263375:}

4

5.  Plaintiff has failed to mitigate her alleged damages.

>Respectfully submitted,
>
>McNEES, WALLACE & NURICK
>
>By _____
>William E. Doyle, Jr.
>100 Pine Street
>P.O. Box 1166
>Harrisburg, PA 17108-1166
>Telephone: (717) 232-8000
>Fax: (717) 237-5300

Date: August 28, 2001

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the Answer to Complaint, by first-class United States Mail, postage prepaid, upon the following:

> Andrew J. Ostrowski, Esquire
> 4311 North Sixth Street
> Harrisburg, PA 17110

_____
William E. Doyle, Jr.

Dated: August 28, 2001

{A263375:}