**ORIGINAL**

Attorneys for Plaintiff
Andrew J. Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110
717-221-9500

Attorneys for Defendant
Brian F. Jackson
Jennifer L. Baker
McNees, Wallace & Nurick
100 Pine Street
P. O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000



FILED
OCT 17 2001
PER
HARRISBURG, PA.   DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA F. WAEBER, | : | CIVIL ACTION NO. 1: CV-01-0856 |
| Plaintiff | : | |
| | : | Rambo |
| v. | : | |
| | : | |
| HERSHEY FOODS CORPORATION, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in Local Rule 16.3(a), the parties hereby submit the following Joint Case Management Plan.

{A270065:}
A228437:                              1-

1.  **Principal Issues**

    1.10   Separately for each party, please give a statement summarizing this case:

    The parties have agreed upon a joint summary as follows:

    This is an employment discrimination case in which Plaintiff contends that Defendant, her former employer, terminated her employment because of her age and alleged disability; in order to interfere with the accrual of pension benefits; and in retaliation for taking FMLA leave. Plaintiff also alleges that Defendant refused her request for a leave of absence. Plaintiff asserts claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 (Count One), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count Two), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* (also Count Two), the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (Count Three), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count Four).

    The principal <u>factual</u> issues that the parties <u>dispute</u> are:

    1.11   Whether Defendant terminated Plaintiff's employment based on the unlawful factors alleged.

    1.12   Whether Plaintiff requested a leave of absence and whether Defendant denied Plaintiff's request for leave as alleged.

    1.12   There are a host of other factual issues which may have a bearing on the outcome of the case.

    <u>agree</u> upon are:

    1.20   Plaintiff commenced employment with Defendant in 1968.

{A270065:}
A228437:
-2-

1.21 Plaintiff's employment with Defendant was terminated on May 21, 1999.

1.30 The principal legal issues that the parties dispute are:

1.31 Whether Plaintiff was a "qualified individual with a disability" under the ADA.

1.32 Whether Defendant's legitimate non-discriminatory reasons for terminating Plaintiff's employment are a pretext for discrimination based on the unlawful factors Plaintiff alleges in her Complaint.

1.33 Whether Plaintiff's reason for allegedly requesting a leave qualifies for protection under the FMLA.

1.34 Whether Plaintiff exhausted her administrative prerequisites to bringing an action under the PHRA, Title VII or the ADA.

1.35 Whether Plaintiff's ERISA, FMLA and PHRA claims are untimely.

1.36 Whether Plaintiff has mitigated her alleged damages.

1.37 Whether Plaintiff is entitled to any of the relief requested in her Complaint.

1.38 Whether any intentional discrimination found by the jury to have occurred was contrary to Defendant's good faith efforts to avoid discrimination in the workplace.

1.39 Whether Defendant responded to Plaintiff's request for a leave of absence based on a good faith and reasonable interpretation of its obligations under the FMLA.

The parties <u>agree</u> upon are:

1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.60   Identify any named parties that have not yet been served:

None.

1.70   Identify any additional parties that:

plaintiff(s) intends to join: None presently anticipated, but Plaintiff reserves the right to do so as permitted in accordance with Fed. R. Civ. P. 15.

defendant(s) intends to join: None at this time. Defendant reserves the right to join additional parties if Plaintiff joins other parties or amends her Complaint. Defendant requests that the Court enter a specific date by which no additional parties may be joined in this action.

1.80   Identify any additional claims that:

plaintiff(s) intends to add: None presently anticipated, but Plaintiff reserves the right to do so as permitted in accordance with Fed. R. Civ. P. 15.

defendant(s) intends to add: None at this time. Defendant reserves the right to amend its pleadings or otherwise move if Plaintiff joins other parties or amends her Complaint. Defendant requests that the Court enter a specific date by which no further amendments may be permitted in this action.

**2.0   Alternative Dispute Resolution ("ADR")**

2.10   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure

Date ADR to be commenced

Date ADR to be completed

2.20   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Defendant believes non-binding mediation may be appropriate after discovery in this action.

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 3.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:    __yes  x  no

## 4.0   Disclosures

4.100   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

4.101   Disclosed by <u>Defendant</u>

| Name | Title/Position |
|---|---|
| 4.102  Cynthia A. Lighty | Manager, Employee Relations |
| 4.103  Tom Soles | Production Manager |
| 4.104  Kathy Mahoney | Relief Supervisor |
| 4.105  Tom Zidik | Production Supervisor |

|         |                |                                              |
|---------|----------------|----------------------------------------------|
| 4.106   | Tom Kettering  | formerly Second Shift Superintendent         |
| 4.107   | George Stover  | Security Supervisor                          |
| 4.108   | Ken Smith      | hourly employee                              |
| 4.109   | Greg Weikel    | hourly employee                              |
| 4.110   | Tom Landis     | hourly employee                              |
| 4.111   | Dale Godwin    | hourly employee                              |
| 4.112   | Carolyn Haskell| formerly Manager of Health Services Department |

4.151  Disclosed by Plaintiff:

| <u>Name</u> | Title/Position |
|---|---|
| 4.152  Plaintiff | |
| 4.153  Plaintiff's husband | |
| 4.154  Witnesses disclosed by Defendant | |

4.200  Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201  Categories of documents disclosed by Defendant (Defendant reserves the right to produce disclosed materials only in response to an appropriate, formal discovery request):

        4.202  Plaintiff's personnel file.

        4.203  Materials submitted to the PHRC/EEOC in the administrative proceedings in this case.

        4.204  Materials provided in response to third-party subpoenas.

        4.205  Notes of interviews from Defendant's investigation into Plaintiff's misconduct.

    4.251  Categories of documents disclosed by Plaintiff:

        4.252  All discoverable documents in Plaintiff's possession, custody and/or control.

4.300  <u>Additional Documents Disclosures</u>:  Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301  Additional categories of documents Defendant will disclose:  Defendant will not produce any materials except in response to an appropriate, formal discovery request.

    4.351  Additional categories of documents Plaintiff will disclose: N/A

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401  plaintiff's calculation of damages:

    Plaintiff's damages are unliquidated and continuing

    4.402  defendant's calculation of offset:

    To the extent misconstrued as "offset", and in an abundance of caution, Defendant contends that Plaintiff has failed to mitigate her alleged damages.  The extent of Plaintiff's failure to mitigate cannot be quantified until Defendant obtains pertinent information through discovery.

    4.403  counterclaimant/third party claimant's calculation of damages: N/A

**5.0    Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Defendant | March 30, 2002 |

6.0   Discovery

    6.100   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s): None.

        By defendant(s): None.

    6.200   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it:

    By Defendant:

    Defendant intends to serve Requests for Production of Documents to Plaintiff to obtain pertinent materials and Interrogatories to Plaintiff to obtain pertinent information bearing on Plaintiff's claims in this action. Defendant intends to subpoena third-parties who may have information or material pertinent to this action. Defendant intends to depose Plaintiff and other potential witnesses. Defendant intends to serve requests for admissions to narrow issues for resolution. Defendant may request an independent medical or psychiatric examination of Plaintiff. Defendant reserves the right to engage in any other discovery not encompassed within the above statement of intent.

    6.300   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: N/A

6.400   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation: N/A

6.500   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

   6.501   depositions (excluding experts) to be taken by:

      plaintiff(s):          defendant(s): 15

   6.502   interrogatories to be served by:

      plaintiff(s): <u>30</u>     defendant(s): <u>30</u>

   6.503   document production requests to be served by:

      plaintiff(s): <u>30</u>     defendant(s): <u>30</u>

   6.504   requests for admission to be served by:

      plaintiff(s): <u>30</u>     defendant(s): <u>30</u>

      6.600    All discovery commenced in time to be completed by:

             March 15, 2002

      6.700    Reports from retained experts due:

                from plaintiff(s) by April 1, 2002

                from defendant(s) by April 30, 2002

      6.800    Supplementations due: January 15, 2001 (non-expert); May 15, 2002 (expert).

**7.0**    **Protective Order**

      7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. N/A

      7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: N/A

**8.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Brian F. Jackson  
Counsel for Defendant  
McNees, Wallace & Nurick  
100 Pine Street  
P.O. Box 1166  
Harrisburg, PA 17108-1166  
(717) 237-5467

Plaintiff
c/o Andrew J. Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110
717-221-9500

**9.0    Scheduling**

    9.1    This case may be appropriate for trial in approximately:
        ____ 240 Days from the filing of the complaint

        _X_ 365 Days from the filing of the complaint

        ____ Days from the filing of the complaint

9.2 Suggested Date for the final Pretrial Conference:

June, 2002 (month/year)

9.3 Final date for joining additional parties:

Plaintiff(s): Plaintiff reserves the right to join parties as permitted by law.

Defendant(s): Defendant requests that a specific date be established, and suggests December 15, 2001

9.4 Final date for amending pleadings:

Plaintiff(s): Plaintiff reserves the right to amend her pleadings as permitted by law.

Defendant(s): Defendant requests that a specific date be established, and suggests December 15, 2001

9.5 All potentially dispositive motions should be filed by:

March 30, 2002

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute. N/A

**11.0   Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

For Defendant:   Brian F. Jackson
McNees, Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-237-5467

For Plaintiff:   Andrew J. Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110
717-221-9500


Dated: October 16, 2001                              _____
                                                     Attorney for Plaintiff


Dated: October 16, 2001                              _____
                                                     Attorney for Defendant

{A270065:}
A228437:                        13-

Oct 16 37 09:39p    Do Bailey                  717 21 9600           p.2
MCNEES,WALLACE,NURICK2   ID:717-237-5300        OCT 16'01  17:18 No.039 P.14

**11.0   Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

For Defendant:     Brian F. Jackson
                   McNees, Wallace & Nurick
                   100 Pine Street
                   P.O. Box 1166
                   Harrisburg, PA 17108-1166
                   717-237-5467

For Plaintiff:     Andrew J. Ostrowski
                   4311 North Sixth Street
                   Harrisburg, PA 17110
                   717-221-9500

Dated: October 16, 2001            _____
                                   Attorney for Plaintiff

Dated: October 16, 2001            _____
                                   Attorney for Defendant

{A270065:}
A228437:                    -13-

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Joint Case Management Plan to be served by first class U.S. Mail on:

>Andrew J. Ostrowski
>4311 North Sixth Street
>Harrisburg, PA 17110
>717-221-9500

Dated: October 17, 2001

Brian E. Jackson