2 TO CT

5-1-0
R

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
APR 3 0 2002
MARY E. D'ANDREA, CLERK
Per

LINDA F. WEABER, Plaintiff : v. : HERSHEY FOODS CORP., Defendant : CIVIL ACTION NO: 1:01-CV-856 RAMBO

---

**DEFENDANT'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

---

**McNEES WALLACE & NURICK LLC**

By______________________
**Brian F. Jackson**
**Elizabeth A. Maguschak**
**100 Pine Street**
**P.O. Box 1166**
**Harrisburg, PA 17108**
**(717) 232-8000**

**Attorneys for Defendant**
**Hershey Foods Corporation**

**Dated: April 30, 2002**

**TABLE OF CONTENTS**

Page

I. PROCEDURAL HISTORY....................1

II. FACTUAL HISTORY....................2

III. QUESTIONS PRESENTED....................2

IV. ARGUMENT....................3

A. Standard of Review....................3

B. Count I: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her ERISA Claim to a Jury....................3

C. Count II: Plaintiff Cannot Present Sufficient Evidence to Present Her Age Discrimination Claim to a Jury....................7

D. Count III: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her FMLA Claims to a Jury....................12

E. Count IV: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her Disability-Based Claims to a Jury....................14

V. CONCLUSION....................15

Cases (cont'd) Page

## TABLE OF CITATIONS

Cases

*Baltuskonis v. US Airways, Inc.*, 60 F. Supp2d 445 (E.D. Pa. 1999) 12
*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) 3
*Chaffin v. John H. Carter Co.*, 179 F.3d 316 (5th Cir. 1999) 12
*Chipollini v. Spencer Gifts,* 814 F.2d 893 (3d Cir. 1987) 9
*Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514 (3d Cir. 1997) 4
*DiFederico v. Rolm Company*, 201 F.3d 200 (3d Cir. 2000) 4, 7
*Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988) 4
*Fuentes v. Perskie,* 32 F.3d 759 (3d Cir. 1994) 10, 11
*Gavalik v. Continental Can Co.*, 812 F.2d 834 (3d Cir.), cert. denied 484 U.S. 979 (1987) 4
*Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993) 8
*Hodgens v. General Dynamics Corp.*, 144 F.3d 151 (1st Cir. 1998) 12
*Hoziere v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990) 3
*Keller v. Orix Credit Alliance,* 130 F.3d 1101 (3d Cir. 1997) 11
*Kelly v. Drexel Univ.*, 94 F.3d 102 (3d Cir. 1996) 8
*Kowalski v. L&F Prods.*, 82 F.3d 1283 (3d Cir. 1996) 6
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) 8, 9, 10, 12
*McKenna v. Pacific Rail Serv.*, 32 F.3d 820 (3d Cir. 1994) 10
*Members First Fed. Credit Union v. Members 1st Fed. Credit Union*, 54 F. Supp.2d 393 (M.D. Pa. 1999) 3
*Morgan v. Hilti, Inc.*, 108 F.3d 1319 (10th Cir. 1997) 12
*Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323 (3d Cir. 2000) 9
*Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000) 8, 9
*Salley v. Circuit City Stores*, 160 F.3d 977 (3d Cir. 1998) 3
*Simpson v. Kay Jewelers*, 142 F.3d 639 (3d Cir. 1998) 8, 9, 11
*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) 10
*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296 (3d Cir. 1999) 8
*Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248 (1981) 10
*Torre v. Casio, Inc.*, 42 F.3d 825 (3d Cir. 1994) 8
*Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002) 14
*Turner v. Schering-Plough Corp.*, 901 F.2d 335 (3d Cir. 1990) 4
*Twyman v. Dilks*, 2000 WL 1277917 (E.D. Pa. 2000) 12
*United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983) 8
*White v. Westinghouse Electric Co.,* 862 F.2d 56 (3d Cir. 1988) 3

Statutes

29 U.S.C. §1140 ........................................ 4

Cases (cont'd) Page

*29 U.S.C. §623(a)(1)* .......... 8
42 U.S.C. §12102(2) .......... 14
42 U.S.C. §12111(8) .......... 14

Rules

29 C.F.R. §1630.2(j) .......... 14
Fed. R. Civ. P. 56 .......... 2
Fed. R. Civ. P. 56(c) .......... 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA F. WEABER, Plaintiff | : | CIVIL ACTION NO. 1:01-CV-856 |
| v. | : | |
| HERSHEY FOODS CORP., Defendant | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. PROCEDURAL HISTORY

On May 15, 2001, Plaintiff Linda F. Weaber ("Plaintiff") filed a Complaint against Defendant Hershey Foods Corporation ("Hershey"), which contained four Counts: Count I – a claim pursuant to the Employee Retirement Income Security Act ("ERISA"), Count II – age discrimination claims under the Federal Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), Count III – interference and retaliation claims under the Federal Family and Medical Leave Act ("FMLA"), and Count IV – disability based discrimination claims under the Americans With Disabilities Act ("ADA"). The sole alleged adverse action claimed in each of the four Counts is Plaintiff's May 1999 termination. (Complaint ¶¶4, 16, 21, 27, 33).

Hershey filed a timely Answer to Plaintiff's Complaint on August 28, 2001. Contemporaneous with this Memorandum of Law, Hershey has filed a Motion for Summary

Judgment pursuant to Fed. R. Civ. P. 56, requesting that this Court dismiss all Counts of Plaintiff's Complaint in their entirety.

## II. FACTUAL HISTORY

The material facts which may be pertinent to Hershey's Motion are fully set forth in Hershey's Statement of Material Facts, filed contemporaneously with this Memorandum. Specific relevant facts are referenced in the Argument section below.

## III. QUESTIONS PRESENTED

CAN PLAINTIFF SET FORTH FACTS SUFFICIENT TO PROCEED TO TRIAL ON HER ERISA CLAIM?

Suggested Answer: No

CAN PLAINTIFF SET FORTH FACTS SUFFICIENT TO PROCEED TO TRIAL ON HER AGE DISCRIMINATION CLAIMS?

Suggested Answer: No

CAN PLAINTIFF SET FORTH FACTS SUFFICIENT TO PROCEED TO TRIAL ON HER CLAIMS OF INTERFERENCE AND RETALIATION UNDER THE FMLA?

Suggested Answer: No

CAN PLAINTIFF SET FORTH FACTS SUFFICIENT TO PROCEED TO TRIAL ON HER CLAIMS OF DISABILITY-BASED DISCRIMINATION?

Suggested Answer: No

## IV. ARGUMENT

### A. Standard of Review

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Salley v. Circuit City Stores*, 160 F.3d 977, 980 (3d Cir. 1998). A disputed fact is not "material" unless its resolution could affect the outcome of the case, and a disputed fact is not "genuine" unless the evidence bearing on the disputed fact is such that a reasonable person could find for the non-moving party. *Hoziere v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990); *Members First Fed. Credit Union v. Members 1st Fed. Credit Union*, 54 F. Supp.2d 393, 399 (M.D. Pa. 1999) (Rambo J.). In determining whether an issue of material fact exists, the Court should consider all evidence in a light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Summary judgment should be granted where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of persuasion at trial." *Members First Fed. Credit Union*, 54 F. Supp. 2d at 399.

### B. Count I: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her ERISA Claim to a Jury.

Section 510 of ERISA provides that:

> It shall be unlawful for any person to discharge, fire, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, . . . or for the purpose of interfering

> with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. §1140. The United States Court of Appeals for the Third Circuit has applied the burden of production and persuasion applicable to Title VII cases to §510 claims. *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 347 (3d Cir. 1990); *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir.), cert. denied 484 U.S. 979 (1987). The Court of Appeals has, however, held that a plaintiff must demonstrate "specific intent" of an employer to violate §510. *DiFederico v. Rolm Company*, 201 F.3d 200, 205 (3d Cir. 2000). This requires Plaintiff to show that the "employer made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits." *Id.* citing *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 523 (3d Cir. 1997) (other citations omitted).

Plaintiff's *prima facie* case requires evidence that she (1) belongs to a protected class; (2) was qualified for the position that she held, and (3) was discharged under circumstances which provide some basis for believing that a prohibited intent to interfere with ERISA rights was present. *Turner*, 901 F.2d at 347; citing *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1115 (2d Cir. 1988). Though the *prima facie* burden is a light one, Plaintiff clearly has not met her burden. Plaintiff has not tendered any record evidence as to the "circumstances" of her termination which would make the likelihood of benefit-related animus any greater in this matter than in any instance in which an employee is discharged by an employer who happens to offer an ERISA benefits plan. For this reason, summary judgment is appropriate. *Turner*, 901 F.2d at 347.

In her answers to Hershey's First Set of Interrogatories, Plaintiff asserted that her ERISA-based claim was rooted in her belief that she was "a highly compensated employee with [sic] and was known to have an extensive and costly medical history." (Plaintiff's Answer to Interrogatory No. 5). Plaintiff has not presented any facts which would demonstrate that she was either a "highly compensated employee" or "known to have an extensive and costly medical history." Plaintiff's only supervisory position with Hershey was that of Production Supervisor at the Hershey Main plant. It further is undisputed that Plaintiff's former position of "Production Supervisor" is the lowest supervisory position in the hierarchy of the plant. (Weinsheimer Dep. at 8-17). Plaintiff certainly does not and cannot contend that she is compensated at a higher rate than those members of management to whom she reported. Indeed, Plaintiff testified that she was sure that her manager, Tom Soles, was compensated at a higher rate than she was. (Plaintiff Dep. at 95:19-96:3). Plaintiff cannot even contend that she was the most highly compensated Production Supervisor at the Hershey Plant. As of January 1, 1999, there were 66 production supervisors at the Hershey Main Plant. (Document D 1391-2). As of that date, Plaintiff was compensated at an annual rate of $55,400. (*Id.*) Fully 30 of the other 65 production supervisors (or more than 45%) were compensated at a higher annual rate than Plaintiff. Plaintiff also has not presented any evidence to suggest that she had an extensive and costly medical history or that any Hershey representative (and certainly not any person involved in her termination) was so aware.

Even if Plaintiff could make a *prima facie* case, Hershey clearly has stated a legitimate, non-discriminatory reason for Plaintiff's termination. Plaintiff was suspected of allowing

employees whom she was supervising to be paid for time that they did not work. She subsequently was not honest in her responses to Hershey representatives who were investigating the matter. She also attempted to interfere with an ongoing investigation into her suspected dishonesty and her early release of employees whom she supervised. Upon consideration of her record of employment and the gravity of these issues, Plaintiff was terminated. (Hershey's Objections and Response to Plaintiff's Interrogatories, No. 1).

Plaintiff cannot point to either direct or circumstantial evidence from which a fact finder could either (1) disbelieve Hershey's articulated reasons or (2) believe that a discriminatory reason was more likely than not the reason for the discharge. *Kowalski v. L&F Prods.*, 82 F.3d 1283, 1289 (3d Cir. 1996). Thus, even assuming she could discharge her *prima facie* burden, this Court should grant summary judgment as to Count I.

Plaintiff admitted that she was never told by anyone that she was being terminated or being fired in order to cut down on benefits or to reduce salary costs. (Plaintiff Dep. at 92:19-25; 93:1-2). She also admitted that no one ever told her that she was being terminated in order to reduce costs by saving on her salary. (Plaintiff Dep. at 92:24-93:2).

Plaintiff's allegation that Hershey was "incurring ongoing earnings losses" in 1999 (Plaintiff's Answers to Interrogatories, No. 8) is simply irrelevant to her ERISA-based claim. The sole basis for Plaintiff's allegation is a letter from Hershey's then Chairman and Chief Executive Officer, Kenneth L. Wolfe, dated after Plaintiff's termination and which indicated that the Company as a whole had "not met the expectations of our shareholders in the investment community for four quarters in a row." (Plaintiff Dep. Exhibit 4). This was attributed to a

"slow-down in sales" and "costs of doing business [being] too high given the law sales volumes." (*Id.*) In an effort to improve sales and to reduce operating costs, Wolfe's correspondence mentioned four actions "designed to reduce administrative costs." (*Id.*) None of the points set forth in Wolfe's letter even references terminating "highly compensated employees" or employees alleged to have "costly medical histories."

Notwithstanding the absence of any evidence tying Wolfe's letter to Plaintiff's earlier termination, any attempt to support Plaintiff's ERISA based claim by citation to Wolfe's letter is misplaced. Were Plaintiff's theories accepted, any employee who was terminated by an employer with an ERISA benefits plan who sought to increase sales and control costs to improve its earnings would have sufficient evidence to proceed to trial. Indeed, the Courts of this Circuit have refused to find even an employer's "financial difficulties" to be sufficient circumstantial evidence of specific intent to violate §510, or to prove that an employer's legitimate reason for termination of employment was a pretext. *DiFederico*, 201 F.3d at 205, 207 (District Court did not err in concluding that "there has to be more than the coincidence" of financial woes and plaintiff's termination to prevail on §510 claim).

### C. Count II: Plaintiff Cannot Present Sufficient Evidence to Present Her Age Discrimination Claim to a Jury.

Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual ... because of such

individual's age." *29 U.S.C. §623(a)(1).*[1] When a plaintiff alleges disparate treatment, liability depends on whether age actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142* (2000), citing *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993). "That is, the plaintiff's age must have 'actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.'" *Id.* (parends in original)

A plaintiff seeking recovery for employment discrimination may attempt to prove a claim by way of either direct or circumstantial evidence. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 714, n.3 (1983). "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of the fact [in issue] *without inference or presumption*." *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994) (emphasis in original).

In this matter, Plaintiff certainly has not produced any direct evidence of discrimination. Plaintiff, of course, may attempt to establish a *prima facie* case of employment discrimination by way of circumstantial evidence. *Torre*, 42 F.3d at 829; *Stewart*, 930 F. Supp. at 1049. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court set forth a four-part framework for a plaintiff seeking to raise an inference of discrimination. 411 U.S. at 802. Although the United States Supreme Court has not squarely addressed whether the *McDonnell*

---

[1] Plaintiff's state law claims under the PHRA can be viewed as coextensive with federal law under the ADEA and ADA. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296 (3d Cir. 1999); *Simpson v. Kay Jewelers*, 142 F.3d 639, 649 n.7 (3d Cir. 1998); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

*Douglas* framework applies to ADEA actions, in its recent decision in *Reeves*, the Court assumed that it would. *Reeves,* 530 U.S. at 141. Therefore, Hershey will also use that analysis here.

Under *McDonnell Douglas*, the plaintiff first must carry the initial burden of establishing a *prima facie* case of unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case with regard to his termination claim, Plaintiff must demonstrate by a preponderance of evidence that she (1) is within the protected class, *i.e.,* she was over 40 years of age; (2) was qualified for the position which she held; (3) suffered an adverse employment decision; and (4) with regard to her termination, was replaced by a sufficiently younger person. *Simpson v. Kay Jewelers,* 142 F. 3d 639, 644 n.5 (3d Cir. 1998); *Chipollini v. Spencer Gifts,* 814 F.2d 893, 897 (3d Cir. 1987).

In this matter, Plaintiff cannot even meet her *prima facie* burden with regard to her age discrimination claims. Plaintiff admits that she was replaced by Karen Keaton. (Plaintiff Dep. at p.99). Plaintiff was born July 9, 1947. (Plaintiff Dep. at p.9). Plaintiff was 51 years of age as of January 1, 1999. (Document D 1391). As of that date, Keaton was 50 years of age. To survive summary judgment, Plaintiff must demonstrate that she was replaced by a sufficiently younger employee. *Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323, 331 (3d Cir. 2000). Plaintiff simply cannot meet this burden when her successor is, at most, one year younger. *Narin*, 206 F.3d at 333, n.9)(plaintiff failed to establish a *prima facie* case of age discrimination where comparators were 49 and 54 years of age and Plaintiff was 56 years of age. Comparators were not sufficiently younger to permit an inference of discrimination).

Even if Plaintiff could succeed in her *prima facie* showing, the burden of production shifts to Hershey to "articulate some legitimate, non-discriminatory reason for the employee's rejection." *McDonnell-Douglas*, 411 U.S. at 802. The employer satisfies its burden of production by introducing evidence which, if taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). The employer need not prove that the tendered reason actually motivated its behavior, as the ultimate burden of proving intentional discrimination always rests with the plaintiff. *See Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 253-55 (1981). At this stage, "the defendant bears only the burden of explaining clearly the non-discriminatory reasons for its actions." *Burdine*, 450 U.S. at 260.

As is noted above at page 56, Hershey has met its burden of introducing evidence of its non-discriminatory reason for Plaintiff's termination. Plaintiff cannot rebut Hershey's legitimate non-discriminating basis for its termination of her employment under an age theory.

"Once the employer meets its relatively light burden of articulating a legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must show by a preponderance of the evidence that the employer's explanation is pretextual." *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994); *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 829 (3d Cir. 1994).

> To survive summary judgment when the employer has articulated a legitimate non-discriminatory reason for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Simpson,* 142 F.3d at 644 quoting *Fuentes,* 32 F.3d at 764. In order to discredit the employer's proffered reasons, a plaintiff must point to "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons such that a reasonable fact finder could rationally find them unworthy of credence." *Keller v. Orix Credit Alliance,* 130 F.3d 1101, 1111 (3d Cir. 1997) (*en banc*). To show that discrimination was more likely than not a cause for the employer's action, a plaintiff must point to evidence with sufficient probative force that a fact finder could conclude by a preponderance of the evidence that discrimination was a motivating or determinative factor in the employment decision. *Id.* at 1111.

Plaintiff's only testimony related to her age was her recounting of a conversation with her then supervisor, Daryl Bentz, in which Bentz inquired as to what age she planned on retiring. (Plaintiff Dep. at p.100). Plaintiff admits that Bentz was not her supervisor at the time of her termination, nor does she have any information to suggest that he was involved in the decision to suspend or terminate her in May 1999. (Plaintiff Dep. at p.136). Plaintiff did not complain about Bentz's alleged comment. (Plaintiff Dep. at pp.102-103). Other than this alleged question from Bentz, Plaintiff is not aware of any comments by anyone at Hershey regarding the removal of older employees. (Plaintiff Dep. at p.104). This clearly is insufficient to rebut Hershey's enunciated basis for terminating her employment.

**D. Count III: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her FMLA Claims to a Jury.**

Plaintiff does not contend that she was denied her substantive rights under the FMLA during her employment at Hershey. Rather, Plaintiff contends that Hershey took steps to "interfere with Plaintiff's rights under the FMLA and/or in retaliation for Plaintiff's attempts to exercise her rights under the FMLA." (Complaint ¶26). Plaintiff clearly has not presented any direct evidence that she was terminated in order to interfere with her ability to exercise her substantive rights under the FMLA or in retaliation for her prior exercise of such rights. In such instances, courts have applied the same *McDonnell-Douglas* burden-shifting analysis summarized above in Section IV. C. of this Memorandum. *Twyman v. Dilks*, 2000 WL 1277917 (E.D. Pa. 2000). *See also, Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1325 (10th Cir. 1997); *Baltuskonis v. US Airways, Inc.*, 60 F. Supp2d 445 (E.D. Pa. 1999).

To state a *prima facie* case of FMLA retaliation, Plaintiff must show (1) that she engaged in protected activity under the FMLA; (2) that she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir. 1998). In this matter, it is undisputed that Plaintiff engaged in protected activity under the FMLA by taking leave, and that she suffered adverse employment action: she was terminated. Nevertheless, Plaintiff cannot satisfy her *prima facie* burden because there is no causal link between the protected activity and the adverse employment action. Indeed, Plaintiff has not produced <u>any</u> such evidence.

Plaintiff asserted in her Brief that she was given "a hard time" about exercising her FMLA rights by Carolyn Haskell, then Hershey's Manager of Health Services. (Plaintiff Dep. at p.108). Even accepting the veracity of Plaintiff's contention (for purposes of this argument only), Plaintiff admits that she has no evidence that Carolyn Haskell had any involvement in the only adverse action involved herein, Plaintiff's termination. (Plaintiff Dep. at p.136).

Even if Plaintiff could establish a sufficient causal link between her exercise of FMLA rights and her termination, Hershey has articulated a legitimate non-discriminatory reason for its decision to terminate her employment and Plaintiff has not presented any evidence that Hershey's stated reason was not the real reason but rather a pretext to FMLA interference or retaliation. Indeed, in her deposition, Plaintiff herself admitted that she did not believe that she was terminated for exercising FMLA rights:

> Q. Are you contending that you believe you were terminated for taking FMLA leave?
>
> A. No, I don't think I was terminated for that. I think I was terminated because of all the absence [sic] I had and being a higher paid supervisor.

(Plaintiff Dep. at p.109-110).

**E. Count IV: Plaintiff Cannot Present Sufficient Evidence to Permit Her to Present Her Disability-Based Claims to a Jury.**

To be protected under the ADA, Plaintiff must show that she is a "qualified individual with a disability," which is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(8). In turn, a "disability" is:

> (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (b) a record of such impairment; or
>
> (c) being regarded as having such an impairment.

42 U.S.C. §12102(2). Plaintiff contends that she is afflicted with "diabetes and related conditions" that "substantially limits one of her major life activities." (Complaint ¶31). Plaintiff argues in the alternative that she was regarded by Hershey as being disabled. (*Id.*) Merely having a diagnosed impairment does not make one disabled for purposes of the ADA. *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002). To qualify as disabled, Plaintiff must further show that she is substantially limited in a major life activity. (*Id.*) According to the EEOC regulations, "substantially limited" means "unable to perform a major life activity that the average person in the general population can perform;" or "significantly restricted as to the condition, manner or duration under which the individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j).

Plaintiff's contentions as to how her diabetes affects her are set forth in the Statement of Material Facts Nos. 43 through 56. Quite clearly, Plaintiff's contentions do not, as a matter of law, indicate in any manner that she is substantially limited in any major life activity as a result of her diagnosed condition. Plaintiff also has not presented any evidence that she was perceived as being substantially limited in a major life activity by any person who was involved in her termination decision. For this reason, she simply cannot even show that she is protected under the ADA or PHRA and therefore cannot bring a disability-based discrimination claim.

Even if Plaintiff could somehow be viewed as protected, it is again clear that Hershey has satisfied its burden of stating a legitimate non-discriminatory reason for Plaintiff's termination and Plaintiff has not presented any evidence to show that Hershey's stated reason was pretextual.

## V. CONCLUSION

For the foregoing reasons, Hershey Foods Corporation respectfully requests that this Court grant its Motion for Summary Judgment in its entirety and dismiss all Counts of Plaintiff's Complaint with prejudice.

Respectfully submitted,

Brian F. Jackson
Elizabeth A. Maguschak
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717 237-5467

Attorneys for Defendant
Hershey Foods Corporation

Date: April 30, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing document, by hand-delivery, upon the following:

Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110

Brian F. Jackson

Date: April 30, 2002